UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                          Case No. 11-cv-15432
                                          Honorable Gershwin A. Drain

ONE 2011 BMW 5 SERIES 535i VIN:
WBAFU7C55BC777710, *et al.*,

        Defendants *in Rem*.

_____/

## ORDER DENYING DEFENDANT BABUBHAI PATEL'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) [#418]

### I. INTRODUCTION

The United States ("the government") commenced this *in rem* civil forfeiture action on December 12, 2011 to recover properties of Defendant Babubhai Patel as a result of his involvement in a criminal scheme. *See* Dkt. No. 1. Over two years after the United States commenced this action, Defendant Patel filed a Motion to Dismiss the government's Complaint for Lack of Jurisdiction on April 23, 2014. *See* Dkt. No. 342. On June 19, 2014, Defendant Patel's Motion to Dismiss was denied by this Court. *See* Dkt. No. 353. Also on June 19, 2014, this Court entered a Default Judgment and Final Order of Forfeiture against Defendant Babubhai Patel. *See* Dkt. No. 354.

On February 25, 2015, over eight months after this Court entered the Default Judgment and Final Order of Forfeiture against Defendant Patel; Defendant Patel filed the present Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 418. The government filed a Response to Defendant Patel's Motion, but Defendant

-1-

Patel failed to file a Reply in accordance with the Court's Local Rules. *See* E.D. Mich. L.R. 7.1(f)(2).

Defendant Patel fails to address the government's argument that he lacks standing to challenge the Default Judgment. Moreover, Defendant Patel fails to identify the means for which he is requesting relief pursuant to Rule 60(b). Defendant Patel does not even set forth a basis for this Court to grant him relief from the Court's Default Judgment and Final Order of Forfeiture. Consequently, for the reasons set forth herein, the Court will **DENY** Defendant's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [#418].

## II. DISCUSSION

### A. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby,* 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).[1] The Sixth Circuit has recognized that, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) (citing *In re Salem Mortgage Co.,* 791 F.2d 456, 459 (6th Cir. 1986)).

---

[1] Specifically, Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**B. LEGAL ANALYSIS**

After reviewing the briefing of the parties, the Court will deny Defendant's Motion for Relief from Judgment for the following three reasons: Defendant Patel lacks standing, Defendant Patel's Motion did not follow the proper procedures, and Defendant Patel's Motion is substantively deficient.

**1. Defendant Patel Lacks Standing**

As an initial matter, Defendant Patel lacks standing to challenge this Court's Default Judgment and Final Order of Forfeiture. On June 19, 2014, Defendant Patel's Motion to Dismiss was denied by this Court, and the Court found that "Babubhai Patel received proper notice of the Complaint for Forfeiture." *See* Dkt. No. 353. Because Defendant Patel received proper notice of the Complaint for Forfeiture, he was required to timely file a claim in order to assert an interest in the property at issue. *See* Supp. Rules for Certain Admiralty and Maritime Claims Rule G(5)(a)(i)-(ii)(A)-(B).

Here, Defendant Patel did not file verified claims for any of the defendants *in rem* despite the requirements of Supplemental Rule G(5). Because Defendant Patel received proper notice and failed to comply with the requirements to assert an interest in the property in this action, he is without standing to challenge the government's motion for default. *See United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769 (E.D. Mich. 2004).

**2. Defendant Patel's Motion Did Not Follow The Proper Procedures**

Assuming Defendant Patel had standing, his Rule 60(b) Motion still fails to satisfy the prerequisites for obtaining relief. Even though Defendant Patel lacks standing, the Court still reviewed Defendant Patel's Motion. In so doing, the Court notes that Defendant Patel failed to satisfy the Sixth Circuit's stated prerequisite for relief under Rule 60(b): establishing "that the

facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis*, 987 F.2d at 396.

Here, Defendant Patel fails to identify any basis for his requested relief pursuant to Rule 60(b). Thus, aside from his lack of standing, this Court would still deny Defendant's Rule 60(b) Motion because Defendant Patel failed to follow the appropriate procedure and specify under which provisions of Rule 60(b) he is requesting relief.

### 3.   Defendant Patel's Motion Is Substantively Deficient

Ignoring the aforementioned deficiencies with Defendant Patel's Motion, the Motion is still deficient as a matter of law. In the interest of finality, this Court will address Defendant Patel's contention that "[t]his case presents exceptional circumstances" warranting review. *See* Dkt. No. 418 at 5. Defendant Patel asserts that this case presents an exceptional circumstance, so this Court will construe his Motion as a Motion brought under the catch-all provision of Rule 60(b)(6). *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989) ("[C]ourts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.").

The Court begins its Rule 60(b)(6) analysis by noting that relief under Rule 60(b)(6) is "rare." *See McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc*., 298 F.3d 586, 595 (6th Cir. 2002). The Sixth Circuit has stressed that "parties may not use a Rule 60(b) motion as a substitute for an appeal or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper*, 867 F.2d at 294. Thus, the Court can only "apply Rule 60(b)(6) relief in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)) (emphasis in original).

Here, principles of equity do not mandate relief. As the government aptly points out in its Response to Defendant Patel's Motion, nothing unusual or extreme has occurred in this action so that principles of equity mandate relief:

> Patel was afforded due process in both the civil and criminal proceedings. He had counsel in the criminal proceeding as well as counsel initially in the civil case. He was given proper notice of the government's seizures and intent to forfeit as well as notice of the civil complaint. After failing to file claims in the civil proceeding despite receiving proper notice, Patel also filed a motion to dismiss, challenging the default judgment. There are no unusual circumstances here, nor is this an extreme situation wherein equity demands relief.

Dkt. No. 421 at 12.[2] This being the case, even after ignoring all the other deficiencies presented by Defendant Patel, the Court would still deny Defendant's Rule 60(b) Motion. *See Blue Diamond Coal Co.*, 249 F.3d at 524 (quoting *Waifersong Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992), to state that "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'").

### III. CONCLUSION

As the Supreme Court has stated: "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198, 71 S. Ct. 209, 95 L. Ed. 207 (1950). The Court will not relieve Defendant Patel from the result of his deliberate choices. For the reasons discussed, the Court **DENIES** Defendant's

---

[2] Defendant Patel asserts that this case presents exceptional circumstances because "the 'in Rem' Defendants (money) in this case derive from the criminal case in *United States v. Babubhai Patel*, Case no. 11-cr-20468." Dkt. No. 418 at 5. In support of his position Defendant Patel relies upon *United States v. Millan-Collan*, a district court case from the Southern District of New York in which the court held that a civil forfeiture proceeding could not move forward against assets that were then under a criminal restraining order while the criminal trial was ongoing. *See* 836 F. Supp. 994, 999 (S.D.N.Y. 1993). Notably, however, the Court in *Millan-Colan* found, on reconsideration, that the Defendant had no standing to contest the administrative forfeiture and allowed the civil case to proceed. 836 F. Supp. 1007, 1020-21 (S.D.N.Y. 1993). The present case does not present the exceptional circumstances Defendant Patel claims, because, as the government points out, "[i]t is well established that '[s]ince the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying events." Dkt. No. 421 at 5 (quoting *United States v. Ursery*, 518 U.S. 267, 274, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996)).

Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

[#418].

      SO ORDERED.

Dated: April 15, 2015

                                            /s/Gershwin A Drain              
                                            Hon. Gershwin A. Drain
                                            United States District Court Judge