UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ONE 2011 BMW 5 SERIES 535i VIN: WBAFU7C55BC777710, *et al.*,

Defendants.

Case No. 11-cv-15432

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MARK A. RANDON

/

**OPINION AND ORDER DENYING BABUBHAI PATEL'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) [425] AND DENYING BABUBHAI PATEL'S MOTION FOR DISPOSITION [428] AS MOOT**

**I. INTRODUCTION**

The government for the United States of America ("Plaintiff") brought the present action in a civil forfeiture against numerous parcels of Babubhai Patel's ("Patel") property. *See* Dkt. No. 1. Presently before the Court is Patel's Motion to Amend or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Dkt. No. 425.

For the reasons discussed herein, Patel's Motion will be **DENIED**. Furthermore, Patel's Motion for Disposition [428] on the matter is **DENIED** as **MOOT**.

## II. BACKGROUND

The Court entered a default judgment and final order of forfeiture against Patel on June 19, 2014. *See* Dkt. No. 354. Prior to the entry of default judgment, Patel filed a motion to dismiss, which was essentially a motion to set aside the clerk's entry of default. *See* Dkt. No. 342. The Court denied his motion for lack of jurisdiction [354] and entered the default judgment and final order of forfeiture.

On February 25, 2015, Patel filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 418. The Court denied the motion on April 20, 2015. *See* Dkt. No. 424. On April 27, 2015, Patel filed the present motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

## III. LAW AND ANALYSIS

### A. Timeliness

The Plaintiff argues that the motion is untimely. Despite the fact that the Rule 59(e) motion was filed a mere week after the denial of Patel's Rule 60(b) motion, Plaintiff argues that Rule 59 can only grant relief from the "actual" final judgment. In this case, the actual judgment was on June 19, 2014, well beyond the twenty-eight (28) day limit imposed by Rule 59(e).

The case at bar raises an interesting issue: May a Rule 59(e) motion challenge the denial of a Rule 60(b) motion? The Sixth Circuit, when faced with a

similar sequence of motions, has started the clock for the 59(e) motion from the date of the original judgment, not from the date of the denial of the Rule 60(b) motion. *See Hawkins v. Czarnecki*, 21 Fed. Appx. 319, 320 (6th Cir. 2001); *Spaulding v. Commissioner of Soxial Sec.*, 310 Fed. Appx. 826, 828 (6th Cir. 2009) ("The appropriateness of filing a Rule 59(e) motion based on the denial of an untimely Rule 60(b) motion is doubtful at best."); *but see Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1232 (7th Cir. 1983). Thus, it appears the answer is no. Therefore, a Rule 59(e) motion may only challenge the original underlying judgment from which the movant seeks relief.

Here, the original judgment was entered on June 19, 2014. According to Rule 59(e), Patel had until 28 days after the entry of judgment to file a motion to alter or amend judgment. Thus, Patel had until July 17, 2014 to file his motion. However, the motion was not filed until April 27, 2015. Therefore, the motion is untimely, and the Court lacks jurisdiction.

### B. Reconsideration

Even assuming that Patel could move to alter or amend the Rule 60(b) denial, Patel would still find victory elusive. Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Rule 59(e) motions, in effect,

may be construed as motions for reconsideration. *U.S. v. Savage*, 99 Fed. Appx. 583, 584 (6th Cir. 2004). Here, it appears that Patel, a *pro se* litigant, intended for his motion to be considered as a motion for reconsideration.

Motions for reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

The principle argument raised in Patel's Rule 59(e) motion is that *res judicata* is applicable, and should have barred the Government's civil forfeiture action. Dkt. No. 425 at 2 (Pg. ID No. 1176). Patel also argues that the Government "bumbled" the forfeiture action, and thus "exceptional circumstances" exist to justify relief from judgment pursuant to Rule 60(b). Dkt. No. 427 at 11 (Pg. ID No. 1204). However, these arguments were already raised in Defendant's Rule 60(b) motion. Dkt. No. 423 at 3 (Pg. ID No. 1164). The Court addressed this argument in

its Amended Order and found it without merit. *See* Dkt. No. 424 at 2–3 (1172–73). Patel's assertion that the criminal conviction represented "final judgment" on the criminal case is no more persuasive to the Court now than it was the first time it was argued. Therefore, Patel's Rule 59(e) Motion fails to raise a palpable defect in the Court's prior ruling and will be denied.

## IV. CONCLUSION

For the reasons discussed above, Patel's Rule 59(e) Motion to Amend Judgment [425] is **DENIED.**

IT IS SO ORDERED.

Dated: February 12, 2016  /s/Gershwin A Drain  
Detroit, MI  HON. GERSHWIN A. DRAIN  
United States District Court Judge